IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

FILED
2005 JUL 21 P 12: 23

| | | |
|---|---|---|
| DARRELL E. GIFFORD | ) | Civil Action No. 1:05-cv-207 |
| | ) | |
| Plaintiff, | ) | Judge _____ |
| | ) | |
| vs. | ) | Magistrate Judge Carter |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to state a claim against Defendant Dura Automotive Systems, Inc. ("Dura"), upon which relief can be granted. Plaintiff's retaliatory discharge under Tennessee common law and under the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("NLRA") claims are time barred by the applicable statute of limitations. Plaintiff's remaining claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA") and under 42 U.S.C. § 1983 fail to assert any facts in his Complaint in support thereof. Thus, dismissal is required as a matter of law.

### BACKGROUND

Plaintiff avers in relevant part that he was wrongfully terminated by Dura on June 23, 2004, in retaliation for his exercise of rights under the Tennessee Workers' Compensation Act. Complaint at 3. Plaintiff further claims that his termination constitutes a violation of his rights

under the ADA, the NLRA and the Civil Rights Act as set forth in 42 U.S.C. § 1983. Id. Plaintiff filed his Complaint on June 29, 2005, in the Circuit Court for Bledsoe County, Tennessee. Dura has contemporaneously removed this case to this Court's jurisdiction.

**ARGUMENT**

A complaint should be dismissed pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 42, 45-46 (1957).

A. **Plaintiff's Claims are Time Barred by the Statutes of Limitations**

A motion to dismiss pursuant to Rule 12(b)(6) based upon a plaintiff's failure to comply with the statute of limitations is entirely appropriate where the Court can ascertain from the face of the complaint that it is time barred. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). Plaintiff's claims for wrongful discharge and under the NLRA are time barred, and therefore must be dismissed as a matter of law.

The statute of limitations for a claim of wrongful or retaliatory discharge is one year after the cause of action accrued. See Tenn. Code Ann. § 28-3-104; Weber v. Moses, 938 S.W.2d 387, 393 (Tenn. 1996). Plaintiff filed his Complaint on June 29, 2005, which is more than one year after June 23, 2004, the alleged date of his termination.[1] His claim for wrongful or retaliatory discharge is time-barred, and must be dismissed pursuant to Rule 12(b)(6) as a matter of law.

---

[1] A file stamp of "June 21, 2005" appears to have been applied on the Summons by the Circuit Court Clerk's Office of Bledsoe County. This makes no sense, as the Summons was signed "June 29, 2005" by the Deputy Clerk, and the Complaint was stamped as filed on June 29, 2005. Regardless of when the Summons was issued, however, an issuance of June 21, 2005 is of no legal consequence as Fed. R. Civ. P. 3 makes clear that a civil action is commenced by the filing of a complaint.

1129563.1

The statute of limitations for a claim under the National Labor Relations Act is six months from the alleged unfair labor practice. See 29 U.S.C. § 160(b); Int'l Ass'n of Machinists and Aerospace Workers v. Tennessee Valley Authority, 108 F.3d 658, 665 (6th Cir. 1997). First, Plaintiff's claim should be dismissed because he fails to specifically allege any unfair labor practices in the Complaint. Second, Plaintiff filed his Complaint more than six months after the date of his termination. Any claim Plaintiff might have alleged under the NLRA would therefore be time barred, and must be dismissed pursuant to Rule 12(b)(6) as a matter of law.

**B.    Plaintiff Fails to Assert a Claim Under the ADA or 42 USC § 1983**

Plaintiff asserts no facts in the Complaint that support his claims under the Americans With Disabilities Act or under 42 U.S.C. § 1983 of the Civil Rights Act. First, there is no indication in the Complaint that Plaintiff has complied with the administrative requirements to bring a claim under the ADA by filing a charge of discrimination with either the Equal Employment Opportunity Commission or Tennessee Human Rights Commission within 300 days of the alleged discrimination or by receiving a notice of right to sue. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 309-10 (6th Cir. 2000). Second, Plaintiff fails to allege any physical or mental impairment that "substantially limits one or more major life activities," as is required under the ADA. 42 U.S.C. § 12101(2)(A). The only "impairment" Plaintiff makes reference to in his Complaint is an alleged injury to his right arm and right hand. Courts have consistently held that injuries to arms and limbs do not constitute an actionable disability under the ADA. See, e.g., Marinelli v. City of Erie, 216 F.3d 354 (3d Cir. 2000); Dutcher v. Ingalls Shipbuilding, 53 F.3d 723 (5th Cir. 1995). As such, Plaintiff fails to state any claim under the ADA in his Complaint.

Plaintiff also fails to state a claim under 42 U.S.C. § 1983. A Section 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law. Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995). A plaintiff may not proceed under Section 1983 against a private party such as Dura "no matter how discriminatory or wrongful" the party's conduct. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Dura is a private party and is not alleged to be otherwise. As such, Plaintiff has failed to state a claim upon which relief can be directed. Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted, and his Complaint should be dismissed in its entirety as a matter of law.

Brian A. Lapps, Jr. (#16185)
WALLER LANSDEN DORTCH & DAVIS
A Professional Limited Liability Company
511 Union Street, Suite 2100
Nashville, Tennessee 37219
(615) 244-6380 – telephone
(615) 244-6804 – facsimile

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via first-class mail, postage prepaid, upon Howard L. Upchurch, Esq., attorney for Plaintiff, P.O. Box 381, Pikeville, Tennessee 37367, on this the 20 day of July, 2005.