UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DARRELL E. GIFFORD,                )
                                   )
        Plaintiff,                 )
                                   )      No. 1:05-CV-207
v.                                 )
                                   )      Judge Curtis L. Collier
DURA AUTOMOTIVE SYSTEMS, INC.,     )
                                   )
        Defendant.                 )

## **M E M O R A N D U M**

Before the Court is a motion to dismiss (Court File No. 2), filed by Defendant Dura Automotive Systems, Inc. ("Defendant") on July 21, 2005. A memorandum in support of Defendant's motion was also filed (Court File No. 3). Plaintiff Darrell E. Gifford ("Plaintiff") has not filed a response. For the following reasons, the Court will **GRANT** Defendant's motion to dismiss in its entirety (Court File No. 2).

**I.      RELEVANT FACTS**

According to Plaintiff's allegations, the facts are as follows:

Defendant is a foreign corporation doing business in Tennessee. Defendant owns and operates "an automobile components assembly facility in Pikeville, Bledsoe County, Tennessee" (Court File No. 1, Complaint, p. 1). Plaintiff worked in this assembly facility as a maintenance technician for approximately 20 years (*Id.* at p. 2). Around January 10, 2003 "Plaintiff sustained severe crushing injuries to his right arm and right hand" (*Id.* at pp. 1-2) Following the accident,

Plaintiff filed for workers compensation benefits and some benefits were paid to Plaintiff by Defendant and/or Defendant's workers compensation carrier (*Id.* at p. 2). After Plaintiff filed his workers compensation claim, he was reassigned to an assembly line position where his pay was "substantially less" than the pay he received as a maintenance technician (*Id.*). Further, "individuals less qualified than the Plaintiff and with less seniority were moved to maintenance technician positions or permitted to continue as maintenance technicians" at a higher rate of pay (*Id.*). Plaintiff complained about his situation. Defendant responded by offering health benefits and a minimal lump sum payment if Plaintiff agreed not to sue Plaintiff under various federal and state causes of action (*Id.* at pp. 2-3). Plaintiff refused Defendant's offer and was later terminated on June 23, 2004 (*Id.* at p. 3).

Plaintiff filed his initial complaint in this action on June 29, 2005 in Bledsoe County (Tennessee) Circuit Court, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*; Civil Rights Act as set forth in 42 U.S.C. § 1983 ("§ 1983") (*Id.*); and a common law retaliation claim for exercising his rights under the Tennessee Workers Compensation Act, Tenn. Code Ann. § 50-6-101, *et seq.*.[1] Defendant filed a motion to dismiss on July 21, 2005 (Court File No. 3) arguing Plaintiff's claims under Tennessee common law and the NLRA are time barred (*Id.*) Further,

---

[1] Plaintiff also alleges his termination was in violation of the Defendant's employment handbook (Court File No. 1, Complaint, p. 3). It is unclear whether this statement is supposed to be a separate cause of action for breach of contract or proof in support of Plaintiff's retaliation claims. An implicit argument in Defendant's motion to dismiss Plaintiff's entire complaint is the handbook statement is not an attempt to state a separate cause of action. The Court believes Defendant's argument is reasonable and Plaintiff has failed to give the Court a reason to believe otherwise. Therefore, the Court will not treat Plaintiff's statement regarding the employment handbook as a separate cause of action.

2

Defendant argues Plaintiff's claims under the ADA and § 1983 must fail because Plaintiff has not alleged facts that would allow the claims to proceed. Again, Plaintiff did not file a response to Defendant's motion to dismiss.

II.     **STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately

3

prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

### III. DISCUSSION

#### A. Retaliatory Discharge- Tennessee Common Law

Tennessee recognizes a claim for retaliatory discharge when a person is terminated for exercising his rights under the Tennessee Workers Compensation Act, Tenn. Code Ann. § 50-6-101, *et seq.. See Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 445 (Tenn. 1984). However, Defendant contends the statute of limitations requires dismissal of Plaintiff's retaliatory discharge claim. Plaintiff states he was terminated on or about June 23, 2004. Plaintiff originally filed his complaint on June 29, 2005. Therefore, more than one year passed between Plaintiff's discharge and the day he filed suit. The statute of limitations for Plaintiff's retaliatory discharge claim under Tennessee law is one year. *See Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996) (stating "[a] claim for retaliatory discharge is a tort action which is governed by the general tort statute of limitations which requires that a lawsuit be 'commenced within one (1) year after the cause of action accrued...'") (citing Tenn. Code Ann. § 28-3-104); *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 681-82 (Tenn. Ct. App. 1999) (applying one year statute of limitations to workers compensation retaliatory

4

discharge claim). Thus, the Court can conclude by looking at the face of the complaint that Plaintiff's cause of action for retaliatory discharge under Tennessee common law is time barred. Accordingly, the Court will **DISMISS** it.

      **B.**      **Retaliatory Discharge- NLRA**

With respect to Plaintiff's claim under the NLRA, Defendant argues the applicable statute of limitations is six months from the alleged unfair labor practice. In support of this contention, Defendant cites 29 U.S.C. 160(b) and *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658 (6th Cir. 1997). However, § 10(b)'s six month limitation period expressly applies to charges of an unfair labor practice filed with the National Labor Relations Board. 29 U.S.C. 160(b). Further, *Int'l Ass'n of Machinists & Aerospace Workers* applied the six month limitation period to a "hybrid" breach of contract/unfair representation claim by an employee against his employer and union. *Int'l Ass'n of Machinists & Aerospace Workers*, 108 F.3d at 663, 665 (applying *DelCostello v. Int'l Bhd. of Teamseters*, 462 U.S. 151 (1983)). This case is not before the National Labor Relations Board and it is clearly not a "hybrid" breach of contract/unfair representation case. Therefore, Defendant's contention is unpersuasive. Typically, in cases like the current one, federal courts will borrow from state-law civil limitations periods because Congress has not prescribed a statute of limitations. *See DelCostello*, 462 U.S. 151 at 171 (1983) (stating "[w]e stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere"). Here, the applicable state-law is Tennessee law which as already discussed generally applies a one year statute of limitations to retaliatory discharge claims. Regardless, in this case, the Court need not determine whether either statute of limitations should apply because Plaintiff has failed to state a cause of

5

action under the NLRA.

In Plaintiff's complaint, there is no mention of any unfair labor practices, a collective bargaining agreement, or any union activity whatsoever. Further, Plaintiff, through his silence, has not explained why the NLRA applies to his case. The Court thinks Plaintiff has possibly tried to state a cause of action under § 8(a)(1) and/or § 8(a)(3) of the NLRA. Section 8(a)(1) & (3) state:

> It shall be an unfair labor practice for an employer–
>
> > (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title[2];
> >
> > . . .
> >
> > (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization....
> >
> > . . .

29 U.S.C. 158(a). Thus, if Plaintiff alleged he was terminated because of his involvement in union activities, the Court could infer a possible violation of the NLRA. However, Plaintiff merely states

---

[2] Section 157 provides:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

29 U.S.C. § 157.

the following in his complaint: "Plaintiff avers that his employment termination and his reassignment to the assembly line...was done in retaliation for [exercising] his rights under...the [NLRA]" (Court File No. 207, Complaint, p. 3). The complaint does not mention the word union or give any hint the termination was related to protected concerted activity under the NLRA. Instead, Plaintiff's complaint centers on Plaintiff's injury and subsequent termination. Although it may be true Plaintiff was terminated as a direct result of his injury, such facts do not make out a claim under the NLRA. Thus, after viewing the facts in the best light possible for Plaintiff, the Court concludes no reasonable juror could find the NLRA was violated in any way. Accordingly, the Court will **DISMISS** Plaintiff's NLRA claims.

### C. Section 1983 Claim

To state a claim under § 1983, a plaintiff must show (1) deprivation of plaintiff's rights secured by the Constitution or laws of the United States, and (2) the defendant deprived plaintiff of those rights under color of law. *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988). Defendants argue Plaintiff's § 1983 claim should be dismissed because the second element has not been met since Defendant is a private party. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (quotations omitted). Defendant is partly correct in its assertion. Typically a private party cannot be sued under § 1983, however, when a private party's conduct can be attributed to the state a § 1983 suit is permissible against that private party. The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") explains as follows:

> There are three tests employed by the courts to determine whether the challenged conduct

7

Case 1:05-cv-00207 Document 4 Filed 10/18/05 Page 7 of 10 PageID #: 7

is fairly attributable to the state: (1) the public function test, (2) the state compulsion test and (3) the symbiotic relationship or nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. Finally, under the symbiotic relationship test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be farily treated as that of the state itself.

*Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir. 1996) (citations and quotations omitted). The Court has not been presented with any facts whatsoever suggesting any of the above three tests could be satisfied. Specifically, nothing before the Court leads it to believe (1) Defendant is exercising powers traditionally exclusively reserved to the state; (2) the state has exercised coercive power over Defendant or provided significant encouragement to Defendant; or (3) a close nexus exists between the termination decision and the state. Thus, the court agrees with Defendant and concludes Plaintiff's § 1983 claim should be **DISMISSED**.

    **D.**    **ADA Claim**

Defendant also moves to dismiss Plaintiff's complaint under the ADA. Defendant argues (1) the complaint does not indicate Plaintiff has complied with the administrative requirements of bringing a claim under the ADA, and (2) Plaintiff has failed to allege any physical or mental impairment that substantially limits one or more major life activities. Since the Court believes Plaintiff has not complied with the administrative requirements of bringing a claim under the ADA, the Court will not address Plaintiff's second argument regarding Plaintiff's physical impairment.

In support of its exhaustion of remedies argument, Defendant cites *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299 (6th Cir. 2000). In *Parry*, the Sixth Circuit explained "a claimant who

8

wishes to bring a lawsuit claiming a violation of the ADA *must* file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Id.* at 309 (emphasis added) (citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); *Jones v. Sumser Ret. Village*, 209 F.3d 851, 853 (6th Cir. 2000)); *see also*, *Dickerson v. Associates Home Equity*, 13 Fed. Appx. 323, 324 (unpublished opinion) (affirming dismissal of Title VII action where pleadings never suggested plaintiff filed a charge of discrimination with the EEOC). Stated differently, 42 U.S.C. § 12117(a) of the ADA mandates compliance with the administrative procedures provided in Title VII. Consequently, a plaintiff making an ADA claim must file a charge of employment discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the plaintiff initially instituted proceedings with an authorized state agency. 42 U.S.C. § 2000e-(5)(e). Here, Plaintiff's complaint does not suggest he filed a charge of discrimination with the EEOC or with the Tennessee Human Rights Commission (the authorized state agency) at any time. Therefore, Plaintiff is precluded from filing an ADA claim in federal court. Accordingly, the Court must **DISMISS** Plaintiff's ADA claim.

IV.  **CONCLUSION**

The applicable statute of limitations bars Plaintiff's Tennessee common law retaliatory discharge claim and Plaintiff has failed to allege any facts to support his claim under the NLRA. Further, Plaintiff's § 1983 claim must fail because Plaintiff did not present any facts showing Defendant's actions amounted to state action. Finally, Plaintiff's ADA claim must be dismissed because Plaintiff apparently did not comply with the applicable administrative requirements in bringing his ADA claim. Therefore, the Court will **GRANT** Defendant's motion to dismiss (Court

File No. 2) and **DISMISS** Plaintiff's complaint against Defendant (Court File No. 1, Complaint).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**